**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,<br><br>*Plaintiff*<br><br>v.<br><br>THE UNITED STATES, PRESIDENT JOE BIDEN, PUERTO RICO, VICE PRESIDENT KAMALA HARRIS, ALL BIDEN CABINET OFFICERS, SURGEON GENERAL DR. VIVEK MURTHY, and UNITED NATIONS AMBASSADOR LINDA THOMAS-GREENFIELD,<br><br>*Defendants* | No. *24-CV-1144 GMM*<br><br>*RECEIVED AND FILED CLERK'S OFFICE USDC PR* 2024 MAR 25 PM3:00<br><br>Dated: March 19, 2024<br><br>**EMERGENCY *PRO SE* PETITION FOR A WRIT OF MANDAMUS**<br><br>§ 1651<br>§ 1361 |

**PARTIES**

1. Raj K. Patel.

    A. Plaintiff Patel lives in Indianapolis, IN at 6850 East 21st Street.

    B. Plaintiff Patel is 31 years old.

    C. Plaintiff is a Basis Officer of the United States, from each of his two titles as student government president.

    D. Plaintiff is a citizen of the State of Indiana, a natural-born citizen of the United States, and an elite, national citizen of the United States.

    E. Plaintiff Patel appears as a Oversee Citizen of India ("OCI") as well, who is subject to direct protection of the United States by treaties and without offending state sovereignty.  U.S. const. amend. XIV, § 1, cl. 2.

2. President of the United States who is also the Commander-in-Chief of the United States Military and Space Force.

3. Puerto Rico is a territory of the United States, and its citizens are United States citizens.

4. Vice President of the United States who is also the Lt. Commander-in-Chief of the United States Military and Space Force.

5. All Biden Cabinet Officers, Attorney General Merrick Garland, Secretary of Health and Human Services Xavier Becerra, Surgeon General Dr. Vivek Murthy, and U.N. Ambassador Linda Thomas-Greenfield are also parties to this case.

### THE RELIEF SOUGHT

Grant mandamus to at least one of the parties.

### THE ISSUES PRESENTED

6. May Plaintiff Raj K. Patel appear as a natural-born citizen of the United States? May Plaintiff Raj K. Patel appear as a visiting Oversees Citizen of India ("OCI")?

7. Does the 14th Amendment Privileges or Immunities Clause, P.R. const., art. II, §§ 1, 7-8, as applied to the Defendants, provide a clear right of relief to the Plaintiff? P.R. const., art. II, §§ 1, 7-8. Brownsburg C., Ind. § 130.11(A) & Marion Cnty. C., Ind. § 403-7(a)-(b). Does Section 5 of the 14th Amendment enforcing treaties help create these rights? Does 5th or 14th Due Process allow the United States to provide relief, with or without the Equal Protections Clause? Doherty v. Merck & Co., 892 F.3d 493, 498 (1st Cir. 2018). Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 396 (1971). Brugueras-Munoz v. Puerto Rico Telephone Co., 972 F. Supp. 88, 91 (D.P.R. 1997) (internal citations omitted) (applies to implied cause of actions too). Morgan v. Kerrigan, 523 F.2d 917, 921 (1st Cir. 1975) (reviewed for abuse of discretion) ("Once a right and a violation have been shown,

the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."). <u>Dimarzo v. Cahill</u>, 575 F.2d 15, 19 (1st Cir. 1978). <u>Roth v. United States</u>, 952 F.2d 611, 615 (1st Cir. 1991). <u>Okmyansky v. Herbalife Intern. of Am., Inc.</u>, 415 F.3d 154, 160-1 (1st Cir. 2005). <u>Inmates of Suffolk County Jail v. Rouse</u>, 129 F.3d 649, 654 (1st Cir. 1997). <u>Woodward v. Mackenzie</u>, 31 F.2d 721, 726 (1st Cir. 1929). <u>Morales Feliciano v. Hernandez Colon</u>, 697 F. Supp. 37, 46 (D.P.R. 1988). <u>Brugueras-Munoz v. Puerto Rico Telephone Co.</u>, 972 F. Supp. 88, 91 (D.P.R. 1997). <u>Feliciano v. Calderon Serra</u>, 300 F. Supp. 2d 321, 333 (D.P.R. 2004).

8. Does the 5th or 14th Amendment Due Process Clause or the Take Care Clause mandate any of the defendants to take to enforce the Protection of the United States?

9. Does the Plaintiff have another adequate remedy available to the Plaintiff? <u>Morgan</u>, 523 F.2d at 921.

10. Are the material <u>In re Ozenne</u>, 841 F.3d 810, 815-16 (9th Cir. 2016) factors satisfied? <u>Morgan</u>, 523 F.2d at 921.

## THE FACTS NECESSARY TO UNDERSTAND THE ISSUE PRESENTED BY THE PETITION

11. Patel is under a stress technology that throws a "punch" every second.[1] The series of events, in hindsight, began in 2005 to 2006 or before. The stress technology causes fatigue, depression, stress, laziness, nuisance, and physical deformities, including through obesity and the reverse growing of Patel's own phallus.

12. This complaint is not meant to create preclusive effects.

13. This complaint to this court follows.

---

[1] This intentional tort claim is not like an injured person who has his leg cut off, and then sues 3 years after the injury, surpassing the 2 year statutes of limitations.

## RULES

"The writ of mandamus does not exist in federal court [procedure]....However, under 28 U.S.C. § 1651 (All Writs Statute) all courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus...Writs in the nature of mandamus are to compel an administrative officer to do a nondiscretionary administrative act. Finley v. Chandler, 377 F.2d 548, 548 (9th Cir. 1967) (internal citations omitted).  Harlow v. Fitzgerald, 457 U.S. 800, 811 n. 17 (1982) ("Suits against other officials — including Presidential [administration] aides — generally do not invoke separation-of-powers considerations to the same extent as suits against the President himself.").  United States v. Carpenter, 526 F.3d 1237, 1241 (9th Cir. 2008) (cabinet secretaries are administrative officers).  Cf. Fed. R. Civ. P. 2.

"Accordingly, three conditions must be present before a writ of mandamus may issue...First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires....Second, the petitioner's right to issuance of the writ must be 'clear and indisputable....' Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances...The Ninth Circuit has also articulated the following five factors, laid out in Bauman v. U.S. District Court, 557 F.2d 650 (9th Cir. 1977), in determining whether mandamus relief is appropriate:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

The first condition is 'designed to ensure that the writ will not be used as a substitute for the regular appeals process.'" In re Ozenne, 841 F.3d 810, 815-16 (9th Cir. 2016). United States v. Sherman, 581 F.2d 1358, 1361 (9th Cir. 1978) (weighing Bauman factors). United States v. Carter, 270 F.2d 521, 524 (9th Cir. 1959) ("The considerations which should motivate a court in determining whether to grant or withhold relief by way of mandamus have nowhere been better expressed than in Duncan Townsite Co. v. Lane, 245 U.S. 308, 311 (U.S. 1917). Mr. Justice Brandeis there said: 'Mandamus is an extraordinary remedial process which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion. It issues to remedy a wrong, not to promote one; to compel the performance of a duty which ought to be performed, not to direct an act which will work a public or private mischief or will be within the strict letter of the law but in disregard of its spirit. Although classed as a legal remedy, its issuance is largely controlled by equitable principles.").

The Administrative Procedure Act, 5 U.S.C. § 702, waives immunity only for claims alleging that an official's actions "were unconstitutional or beyond statutory authority," such as tortious assault, tortious battery, breach of contract, negligence, or strict liability. Loa v. Lynch, No. CV 16-00446 JMS-KSC, 2016 WL 7155733 * 5 (D. Haw. Dec. 7, 2016). Kendall v. U.S. ex rel. Stokes, 37 U.S. 524, 539 (1838) ("then a court has the power to order a mandamus it goes, by its supervising authority to an inferior; and goes, and ought to go, as well to enforce the discharge of discretionary duties as ministerial duties: with this only difference, that the command goes, in the one case, to do the prescribed ministerial act; and in the other, to proceed and exercise the discretion, and do the act in the way that discretion may direct it. So that a mandamus is as applicable to discretionary, as to ministerial acts; and in this case, if any mandamus could issue, it should have been, not to enter the particular credit required, but such credit as the postmaster

general should consider the award of the solicitor authorized: for this would not be a mere ministerial act, but one requiring the exercise of discretion. It is the same as giving judgment on an award, which surely requires discretion."). Id., 37 U.S. at 620 ("It is denominated a prerogative writ, because the king being the fountain of justice it is interposed by his authority transferred to the court of king's bench, to prevent disorder from a failure of justice where the law has established no specific remedy, and where in justice and good government there ought to be one. 3 Burr, 1267. It is a writ of right, and lies, where there is a right to execute an office, perform a service, or exercise a franchise; and a person is kept out of possession, and dispossessed of such right, and has no other specific legal remedy."). See Decatur v. Paulding, 39 U.S. 497, 497 & 509 (1840) (no difference between a ministerial duty and executive duty) (internal citations omitted).

"Under the All Writs Act, 28 U.S.C. § 1651, mandamus is an original action at law, and costs may be assessed in favor of the prevailing party to the same extent as is available in other original actions." State of Ariz. v. U.S. Dist. Ct. for Dist. of Ariz., 709 F.2d 521, 523 (9th Cir. 1983) (internal citations omitted).

Writs issued to the United States or President may be recharacterized to a specific non-party defendant who is an agent or officer of the United States. _____. See e.g., Fed. R. Civ. P. 17.

"The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection. In Great Britain the king himself is sued in the respectful form of a petition, and he never fails to comply with the judgment of his court..."it is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit, or action at law, when ever that right is invaded." Marbury v. Madison, 5 U.S. 137, 163 (1803).

The United States R.F.R.A. is Congress' highest law and "applies to all Federal law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after November 16, 1993." 42 U.S.C. § 2000bb-3(a). Stronghold v. United States, 38 F.4th 742, 761 (9th Cir. 2022) ("turns on nature of government's action," or inaction). "Government shall not substantially burden a person's *exercise of religion* even if the burden results from a rule of general applicability, except as provided in subsection (b)." 42 U.S.C. § 2000bb-1(a) (italics added). "The 'exercise of religion' involves 'not only belief and profession but the performance of (or abstention from) physical acts' that are 'engaged in for religious reasons.'" Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2270 (2014) quoting Employment Div. v. Smith, 494 U.S. 872, 877 (1990). "It means, too, the right to express those beliefs and to establish one's religious (or nonreligious) self-definition in the political, civic, and economic life of our larger community." Hobby Lobby, 134 S. Ct. at 2285. In the 9th Circuit it also that the government cannot "lend its power [by act or omission] to one or the other side in controversies over religious authority or dogma." Parents for Privacy v. Barr, 949 F.3d 1210, 1233 (9th Cir. 2020). Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1075 (9th Cir. 2015). In other words, free exercise of religion is necessary in the right of privacy and includes being challenging another person's social standing while under the equal protection of the laws. Gersh v. Anglin, 353 F. Supp. 3d 958, 971 (D. Mont. 2018) (religion and privacy). Parents for Privacy, 949 F.3d at 1217, 1222, and 1224. Oberg v. City of Billings, 207 Mont. 277, 280 (Mont. 1983). Menges v. Knudsen, 538 F. Supp. 3d 1082, 1117 (D. Mont. 2021). Moore v. E. Cleveland, 431 U.S. 494, 549 (1977). Blaisdell v. Frappiea, 729 F.3d 1237, 1243 (9th Cir. 2013) (self-government) (quoting Kathleen M. Sullivan, Unconstitutional Conditions, 102 Harv. L.Rev. 1413, 1426-7 (1989)). United States v. Kincade, 379 F.3d 813, 865 (9th Cir. 2004). Perez

v. City of Roseville, 882 F.3d 843, 851 (9th Cir. 2018) (freedom of association coextensive with the right of privacy).

"The Privileges [or] Immunities Clause of the Fourteenth Amendment provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States...The Privileges and Immunities Clause protects fundamental rights, but even that protection is extremely limited, extending only to the right to travel or right to privacy." Young v. Hawaii, 911 F. Supp. 2d 972, 992 (D. Haw. 2012). "Under the Slaughter-House Cases, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1872), this language protects only those *rights that derive from United States citizenship*, but not those general civil rights independent of the Republic's existence...The former include only rights *the Federal Constitution grants or the national government enables*, but not those preexisting rights the Bill of Rights merely protects from federal invasion." Nordyke v. King, 563 F.3d 439, 446-47 (9th Cir. 2009) (italics added). The United States Constitution affords federal protection to its Basis Officers, as the Federal Sovereign, like the state sovereign, is inherently responsible for its internal state decisions, and Ordered Liberty. U.S. const. art. IV, §§ 1-2. The Due Process Clause as applied to the federal government also provides protection, especially the requirement to honor and perform under the clauses respecting Privileges or Immunities. U.S. const. art. IV, § 2 & amend. XIV, § 1. Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 217-18 (1995) (political branches may have ministerial duties; 14th Amendment controlling when applying the 5th Amendment as a matter of Due Process and Equal Protection). Acts of Congress and treaties are also local laws of the national government, and they may be used to enable federal rights. Sullivan v. Tagliabue, 785 F. Supp. 1076 (D.R.I. 1992) (A basic premise of this exception is that the right to petition government, local or national, is a right which cannot be abridged by local governments.). In re Neagle, 135 U.S. 1, 2 & 98-9 (1890). See

https://constitution.congress.gov/browse/essay/artIV-S2-C1-4/ALDE_00013780/ (An Act of Congress is not required to discharge duties of the Privileges and/or Immunities Clauses). Generally and particularly, the North Atlantic Treaty, International Covenant of Civil and Political Rights, and International Convention on the Elimination of All Forms of Racial Discrimination, Arts. 5(b), 5(e)(vi), Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, and see International Covenant on Economic, Social and Cultural Rights provides protections. Duties and executive regulations, such as the U.N. Ambassador duties, executive agreements such as Convention on Convention on the Elimination of All Forms of Discrimination against Women and Convention on the Rights of the Child, provide a basis for mandamus. McGarry v. United States, 549 F.2d 587, 591 (9th Cir. 1977) ("Driscoll v. United States, 525 F.2d 136, 138 (9th Cir. 1975) (this court recognized that "the discretionary function exception is limited to decisions made at the planning rather than the operational level."). Together, laws, treaties, titles of authority, and executive duties create additional penumbras, such as the United Nation Declaration of Human Rights. Id. In re Sacred Heart Hosp. of Norristown, 133 F.3d 237, 244 (3d Cir. 1998) (courts should look for Congress' Act and treaties to have a source of power from Section 5 of the 14th Amendment, enforcing either the Due Process Clause or the Privileges & Immunities Clause). See also Liles v. United States, 638 F. Supp. 963, 965 (D.D.C. 1986). Elonis v. United States, 575 U.S. 723 (2015) ("This is not to say that a defendant must know that his conduct is illegal before he may be found guilty. The familiar maxim "ignorance of the law is no excuse" typically holds true. Instead, our cases have explained that a defendant generally must "know the facts that make his conduct fit the definition of the offense,""). Members of the House of Representatives may perform constitutional duties that they have "special deference" for by introduction a resolution, including but not limited, that may cause the

executive branch and/or judicial branch to issue mandamus in favor preserving a plaintiff or a plaintiff's liberties.[2]  H. Res. 417 (113th Cong.).  When the traditional police powers are not adequate, only the Federal government's power remains.  Nordyke, 563 F.3d at 446-47.

The jurisdiction of the United States Supreme Court would be violated in a lower court does not grant mandamus where it should, even during parallel litigation.  Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817 (1976).  Bivens, 403 U.S. at 396 ("federal courts may use any available remedy to make good the wrong done").  Morales Feliciano, 697 F. Supp. at 46.  Brugueras-Munoz, 972 F. Supp. at 91.  Feliciano, 300 F. Supp. 2d at 333.

The Puerto Rico Constitution give some of the greatest privacy rights.  Menges, 538 F. Supp. 3d at 1117.  U.S. const. art. XIV, § 1, cl. 3.  "Every person has the right to the protection of law against *abusive attacks on his honor, reputation and private or family life*."  P.R. const. art. II, § 8.  United States v. Gonzalez de Modesti, 145 F. Supp. 2d 171, 174 (D.P.R. 2001).  In re Fin. Oversight & Mgmt. Bd. for P.R., 318 F. Supp. 3d 537, 546 (D.P.R. 2018).

## **THE REASONS WHY THE WRIT SHOULD ISSUE**

Mandamus should issue because all three (3) Ozenne factors are met, along with the material Bauman factors.

---

[2] Swan v. Clinton, 100 F.3d 973, 978 (D.C. Cir. 1996) (internal citations omitted) ("Further, "in the mandamus context, a ministerial duty can exist even 'where the interpretation of the controlling statute is in doubt,' provided that 'the statute, once interpreted, creates a peremptory obligation for the officer to act.'" "'If, after studying the statute and its legislative history, the court determines that the defendant official has failed to discharge a duty which Congress intended him to perform, the court should compel performance, thus effectuating the congressional purpose.'"  Swan, 100 F.3d at 978 quoting Am. Cetacean Soc. v. Baldrige, 768 F.2d 426, 433 (D.C. Cir. 1985).  See also Id. quoting Harlow v. Fitzgerald, 457 U.S. at 811 n. 17.  Swan, 100 F.3d at 978 quoting NTEU, 492 F.2d at 604 (the President may not refrain from executing laws duly enacted by the Congress as those laws are construed by the judiciary).  The court may still grant mandamus even if mandamus will give only partial relief.  Swan, 100 F.3d at 980-81.  And, mandamus must be sought with "reasonable promptness."  13th Reg'l Corp. v. U.S. Dep't of Interior, 654 F.2d 758, 763 (D.C. Cir. 1980).  Thomas v. Holder, 750 F.3d 899, 903 (D.C. Cir. 2014).  See also Am. Hosp. Ass'n v. Burwell, 812 F.3d 183, 189 (D.C. Cir. 2016).

Plaintiff Patel has no other means of requesting relief.  Patel starting filing this lawsuit in 2018, and parallel litigation continues and is pending.  The traditional state police powers have failed.  The United States national government has created treaties to protect one's person, privacy, and other liberties, including the size of one's own phallus and free from a nuisance of a ringing sound inside Patel's ears.  Usually, medical remedies are sufficient, but, as the Harvard Medical School admissions perquisites states, medical remedies are the alternative to the social-legal remedies, including through bioengineering.  Therefore, the first Ozenne factor is ripe for this court to find that no other adequate relief exists.

Plaintiff Patel has a clear and indisputable right to issuance of mandamus to an United States officer.  First, Patel is a Basis Officer.  Me. Const. art. I, § 19.  Second, United States intuitive said treaties have been violated.  Third, Patel has always acted reasonably and never with negligence nor reckless in order for the United States to be free from performing its common law contract/United States constitutional duties of protecting and free Plaintiff Patel from this said perils. Therefore, the second Ozenne factor is ripe for this court to find that a clear and indisputable right for mandamus exists.

Plaintiff Patel would become a victim of additional prejudice and abuse of discretion if this district court was to deny mandamus.  The United States Court of Appeals for the First Circuit and the Ninth Circuit, together, has instructed lower courts with the five (5) Bauman factors in aid of using its discretion.  In re United States, 565 F.2d 173, 178 (1st Cir. 1977).  The first Bauman factor is the same as the first Ozenne factor.  The second Bauman factor weighs in Patel's favor too because time is of the essence because denial of mandamus will only delay Patel enjoying his Life and Liberties as broadly and narrowly construed.  The third Bauman factor weighs in Patel's favor because the district court would be wrong in not honoring T.E.,E. Patel's titles of authority

and honor as a Basis Officer Basis Officer [sic] of the United States, and is a part of the National Character of the United States.  Federalist 42 & 80.  And, Congress' highest law, 42 U.S.C. § 2000bb-3(a), would therefore be violated; the defendants, through the United States Attorney General or Attorney's Office, per 28 U.S.C. § 516, must show why there is a compelling governmental interest and is the least restrictive means in furtherance to let Patel/T.E.,E. Patel *particularly* suffer, which is not possible.  P.R. const. art. II, § 8.  H. Res. 417 (113th Cong.) (indicating that the United States has no compelling governmental interest to further).  Marbury, 5 U.S. at 163.  The fourth Bauman factor weighs in Patel's favor because denial of mandamus would be a disregard of the federal enabling laws and Puerto Rico constitution.  Marbury, 5 U.S. at 163.  The fifth Bauman factor weighs in Patel's favor because this matter is not new as a matter of first impression to the district court and sufficient jurisdiction exists for the district court to grant complete relief: terminate the mental pain and suffering of the ringing sound inside Patel's ears and re-grow Patel's phallus to *ante*, his desired composition.  Additionally, sovereign immunity does not apply because Congress consented to waiver and suit by the FTCA, All Writs Act, and by § 1361 and § 1651 at the court's discretion when granting a petition for mandamus.  Congress has also found particular creative hate crimes against the kin group that Patel biologically belongs as needing a remedy.  H. Res. 417 (113th Cong.).  Blaisdell, 729 F.3d at 1243 (quoting Sullivan, 102 Harv. L.Rev. 1413, 1426-7).  Perez, 882 F.3d at 851.  Therefore, the third Ozenne factor is ripe for this court to find that discretion should be used to grant relief, including but not limited to, out of respect for the Supreme Court's jurisdiction of rule of law, even in our politics.

## CONCLUSION

- Grant § 1361 or § 1651 Mandamus,

- Issue mandamus to the defendants for enforcement by himself or due delegation, and/or,

- Grant $1 million Tucker Act consideration for all consideration provided each year under this situation since 2018: 2018, 2019, 2020, 2021, and 2022 ($5M) and pro rata for 2023 thus far ($8K) for a total of $5,800,000.

Respectfully submitted,

/s/ Raj K. Patel
Rama CCCX
T.E., T.E. Mr. Raj K. Patel, AA, BA, Former JD Candidate (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-740-8001 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of Emory
   U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Mr. Student Body President, Brownsburg Cmty. Sch. Corp./President,
   Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-
   present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n
   2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus
   2007-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc.
   2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for Am. (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the
   St. of Ind. (2014)

*Former J.D. Candidate, Notre Dame L. Sch. (2015-17)

# APPENDIX A

## SAMPLE CLAIMS

## CLAIMS

### CLAIM 1. ASSAULT

Assault; and North Atlantic Treaty (1949).

Against All Defendants.

1. Patel incorporates all paragraphs above.

2. A person actually unknown to Patel made Patel unconscious by a pen-throwing action directed towards his eyes.

3. Patel became straggled, and the next thing Patel knew the unknown person was on his desk.

4. Patel suffered damages.

   A. Terminate this technology.

   B. Undo the reverse growing of Patel's own phallus.

5. Patel's individual freedoms are compromised.

### CLAIM 2. BATTERY

Battery; and North Atlantic Treaty (1949).

Against All Defendants.

6. Patel incorporates all paragraphs above.

7. Patel realized that a drilling sound began that lasts against his consent and unconsenually every second since then.

8. In 2018, Patel realized that white, ring-shaped circular lights flew out of his computer and then his window and went up plaintiff's eyes and nose which began a severe depression episode.

9.  Each Defendant is the but for cause because if the did not act to circumvent protection, then plaintiff would not have been offensively touched.

10. Each Defendant is the proximate cause because they are contracted to protect plaintiff and without their actions or omissions, Patel would not remain subjected by this constant nonconsenual, offensive, harmful, and unwanted touching.

11. Patel suffered damages.

### CLAIM 3. ABUSE OF PROCESS

Abuse of Process; Ordered Liberty; 42 U.S.C. § 2000bb-3(a) (enforced by U.S. const. amend. XIV, § 5); In re Sacred Heart Hosp. of Norristown, 133 F.3d 237, 244 (3d Cir. 1998) (courts should look for Congress' Act and treaties to have a source of power from Section 5 of the 14th Amendment, enforcing either the Due Process Clause or the Privileges & Immunities Clause); In re Sacred Heart Hosp. of Norristown, 133 F.3d at 245 (citing Twining v. New Jersey, 211 U.S. 78, 97-9 (1908) (includes the right to receive the protection of the Federal government from violation of Federal treaty or Act); McGarry v. United States, 549 F.2d 587, 591 (9th Cir. 1977) ("Driscoll v. United States, 525 F.2d 136, 138 (9th Cir. 1975) (this court recognized that "the discretionary function exception is limited to decisions made at the *planning* rather than the *operational* level.") (italics added); Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

12. Patel incorporates all paragraphs above.

    Count 1

13. Patel has filed one complaint in this court and another the United States District Court for the District of New Jersey.

14. Patel successfully served each complaint and summons. Patel has also sent welcomed web form messages to the Governor and Commander-in-Chief of the National Guard of the State of New Jersey to remedy Patel's peculiar peril.

15. Instead of interpreting the complaint and summons as a legitimate grievance and other communications as legitimate grievances, formally against the defendants, each defendant

ignored Patel's pleas and treated it as a public and publicized information gathering session.

  A. Defendants' actions imitate in aid clinical psychotherapy.

  B. Defendants' actions create an undue burden on Patel's religion.

  C. Defendants' leveraged the complaint process to publicly humiliate plaintiff, including after assaulting and battering plaintiff.

16. Patel suffered damages.

   Count 2

17. Defendants plead that the complaint is barred by statutes of limitations against plaintiff, but the defendants did not accept as true the exceptional circumstances to allow the statutes of limitations.

18. Defendants took the statutes of limitations as vacating a constitutional, contractual duty rather than one that has the privilege of elective judicial interpretation.

  A. All Defendants actions and omissions show this because Patel is still being assaulted and battered by all defendants.

  B. Particularly, this court did this by writing a judicial opinion exercising judicial restoration, rather than issuing an advisor opinion on the assumption of truth by plaintiff.

19. Patel suffered damages.

  A. Issue a writ of mandamus.  Int'l Covenant of Civ. & Political Rts., Pt. III, Art. 29 (governor and law enforcement must uphold treaty).

### CLAIM 5. COMMON LAW FRAUD

Common Law Fraud; Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

20. Patel incorporates all paragraphs above.

21. Defendants agreed to the terms of the contracts and ministerial duties owed as agents of the people without regard to the truth that they did not actually want to fulfill these governing and ruling duties to plaintiff.

22. Plaintiff believed defendant and justifiable relied on plaintiff.

23. Patel suffered damages.

## CLAIM 6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Intentional Infliction of Emotional Distress; P.R. const. art. II, § 8; U.S. const. pmbl.; H. Res. 417 (113th Cong.); Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

24. Patel incorporates all paragraphs above.

25. Each defendant acted intentionally.

26. Leaders of the advance human race in the first world and the elites, as their values enshrined in each constitution/contract, would spit on their uncivilized and indecency extreme, outrageous conduct, especially because it goes against the cause of the constitutions, which is preserving individual freedoms for the authors, authorities, their citizens, and all of their children. Defendants were also expected to act with regard to H. Res. 417 (113th Cong.) as it knowingly or unknowingly aids the persecution efforts against Patel and his kin.

27. Each Defendant agreed to accept fault by for each insufficient action or omission.

28. Plaintiff Patel's suffering has been so severe at least over the last two years that no one can be expected to endure it or otherwise tolerate it.

## CLAIM 7. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Negligent Infliction of Emotional Distress; U.S. const. pmbl.; H. Res. 417 (113th Cong.); Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

29. Patel incorporates all paragraphs above.

30. Each defendant owed plaintiff a duty of reasonable care to him by contract/constitution to fully Protect.

31. Each defendant breached that duty as Plaintiff Patel is being assaulted and battered by the said technology.

32. Plaintiff Patel suffered serve emotional distress.

33. Each defendant's breach of duties was the proximate cause of the injury.

### CLAIM 8. COMMON LAW BREACH OF CONTRACT

Common law breach of contract; Ordered Liberty; 42 U.S.C. § 1982; Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

34. Patel incorporates all paragraphs above.

35. Each defendant and Plaintiff Patel entered into said contract.

36. Plaintiff Patel did what was required on him and not inflict injuries to himself or behalf negligently, or worse.

37. Each defendant failed to protect Plaintiff Patel as agreed to in the said contract.

38. Each defendant's breach or failure to do what the contract required, i.e. making sure that Patel is assaulted or battered, caused a loss to Plaintiff Patel.

### CLAIM 9. COMMON LAW ANTICIPATORY BREACH OF CONTRACT

Anticipatory Doctrine (modern view); U.S. const.; Ordered Liberty; 42 U.S.C. § 1982; Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

39. Patel incorporates all paragraphs above.

40. Each defendant agreed that it will protect plaintiff for assault or battery; however, each defendant has made clear that it does not want to follow their obligations to plaintiff to ensure that he is not assaulted or battered.

41. Plaintiff acts with the truth that Defendant will repudiate later today, tomorrow, couple of months from now, and years from now, based on their conducts since at least 2017.

42. Plaintiff has no security to know that each defendant will prevent assault and battery.

43. Plaintiff reasonably believes that each defendant will require, because of breach of contract, to use methods of recovery alternative to law.

44. Plaintiff suffered damages.

## CLAIM 10. STRICT LIABILITY – ASSAULT

18 U.S.C. §§ 241 et seq.; battery; 42 U.S.C. §§ 1981-83; H. Res. 417 (113th Cong.); Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

45. Patel incorporates all paragraphs above.

46. Patel suffered parasitic damages.

## CLAIM 11. STRICT LIABILITY – BATTERY

18 U.S.C. §§ 241 et seq.; battery; 42 U.S.C. §§ 1981-83; H. Res. 417 (113th Cong.); Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

47. Patel incorporates all paragraphs above.

48. Patel suffered parasitic damages.

## CLAIM 12. STRICT LIABILITY – BREACH OF CONTRACT

42 U.S.C. § 1981; Breach of contract; U.S. const.; Ordered Liberty; H. Res. 417 (113th Cong.); Int'l Covenant on Civ. & Pol. Rts.; and North Atlantic Treaty (1949).

Against All Defendants.

49. Patel incorporates all paragraphs above.

50. Plaintiff and each defendant entered into a contract for the purpose against abnormally dangerous things such as human nature and its inherent dominate kvanish desires to inflict harm or those who are unreasonable.

51. Each defendant knew that if it failed to fulfill the terms of the contract, then Plaintiff would foreseeably get injured.

52. Each defendant knew that the community has formed this contract with Plaintiff, who can enforce the contract, for its own benefit of Safety and Happiness, and to promote a leading Glorious, sovereign, civilized, and first-world order and National Character that can only happen in a constitutional civil society.  U.S. const. art. VI, § 1 (citing Decl. of Indep. (1776) ("Safety and Happiness")).

53. Having status and preserving it is abnormally dangerous activity.

54. Each defendant and Plaintiff Patel entered into said contract.

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing *Pro Se* Emergency Writ of Mandamus on 3/19/2024 to below individuals via the Clerk of Court and e-mail:

> **The United States**
> AG Merrick Garland
> U.S. Department of Justice
> 950 Pennsylvania Avenue NW
> Washington DC 20530
>
> **The United States**
> **W. Stephen Muldrow**
> U.S. Attorney's Office
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street
> San Juan, PR 00918

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
317-740-8001 (cell)
rajp2010@gmail.com
www.rajpatel.live


Dated: March 19, 2024