IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| The Excellent the Excellent Raj K. Patel, from all capacities,<br><br>      Plaintiff,<br><br>      v.<br><br>The United States, President Joe Bide, Puerto Rico, Vice President Kamala Harris, All Biden Cabinet Officers, Surgeon General Dr. Vivek Murthy, and United nations Ambassador Linda Thomas-Greenfield,<br><br>      Defendants. | **Civil No. 24-1144 (GMM)** |

**MEMORANDUM AND ORDER**

Raj K. Patel, self-identified as "The Excellent The Excellent Raj J. Patel" ("Plaintiff" or "Patel"), proceeding *pro se*, has filed an *Emergency Petition for a Writ of Mandamus* ("Writ of Mandamus") against the United States, President Joe Biden, Puerto Rico, Vice President Kamala Harris, all Biden Cabinet Officers, Surgeon General Dr. Vivek Murthy, and United Nations Ambassador Linda Thomas-Greenfield (collectively "Defendants"). (Docket No. 1). Among the remedies sought, Plaintiff seeks $5,800,000.00 and asks that the Court order the Federal Government to terminate a "stress technology." (Id. at 3, 13). Plaintiff has also filed a *Motion to Proceed in Forma Pauperis*. (Docket No. 2), which is hereby granted. For the reasons

explained below, the Court finds that the present Complaint must be, and is hereby, **DISMISSED** with prejudice.

## I. BACKGROUND

Plaintiff is a resident of Indianapolis, Indiana. (Docket No. 1 at 1). He alleges to be "under stress technology that throws a "punch" every second and that such technology "causes fatigue, depression, stress, laziness, nuisance, and physical deformities, including through obesity and the reverse growing of Patel's own phallus". (Docket No. 1 at 3). Upon those facts, Plaintiff requests a Writ of Mandamus, alleging that he "has no other means of requesting relief" and that [t]he United States national government has created treaties to protect one's person, privacy, and other liberties, including the size of one's own phallus and free from a nuisance of a ringing sound inside Patel's ears". (Id. At 11). Plaintiff adds that he "would become a victim of additional prejudice and abuse of discretion if this district court was to deny mandamus". (Id.).

Courts have described Patel as a "serial litigant who has filed a series of 'sprawling complaint[s]' in courts across the nation." Patel v. United Parcel Servs., 207 N.E.3d 1218 (Ind. Ct. App. 2023) (quoting Patel v. Patel, 834 F. App'x 244, 245 (7th Cir. 2021)). Many of these complaints have been filed in courts having no apparent connection to the Plaintiff's residence or the allegations contained therein. See Patel v. Biden, Civil

**Civil No. 24-1144 (GMM)**
**Page -3-**

No. 23-94 (H/BMM/KLD), 2024 WL 413860, at *2 (D. Mont. Feb. 5, 2024) ("Patel identifies himself as a citizen and resident of Indiana, has provided the Court with an Indiana mailing address, and has no apparent connection to Montana"); *see also* Patel v. United States, Civil No. 23-00318 (DKW/KJM), 2023 WL 5835599, at *1 (D. Haw. Aug. 8, 2023) (noting that Plaintiff, who has a "mailing address in Indiana," made assertions that have "no place in this court").

Courts have characterized Patel's filings as "wild and unhinged," Patel, 2023 WL 5835599, at *1; "clearly baseless," Patel v. White House Chief of Staff, Civil No. 2022-1962 (per curiam), 2022 WL 3711886 at *1 (Fed. Cir. Aug. 29, 2022); "frivolous and unintelligible," Patel v. United States, Civil No. 23-21830 (EP/MAH), 2023 WL 8447935, at *3 (D.N.J. Dec. 6, 2023); "patently frivolous," Patel v. United States, Civil No. 21-22729 (Bloom), 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021); "difficult if not impossible to understand," Patel, 2024 WL 413860 at *2; and "largely incoherent and nonsensical" Patel v. Harris, Civil No. 23-5324 (DCN/MGB), 2023 WL 9326289, at *1 (D.S.C. Nov. 8, 2023).

Many federal courts have found Plaintiff's claims so frivolous as to preclude the courts of subject-matter jurisdiction. *See, e.g.,* Patel v. Biden, Civil No. 21-1076 (TSC), 2021 WL 2882481, (D.D.C. July 2, 2021); Patel v. Patel, Civil

No. 20-1772 (TWP/MPB), 2020 WL 5204102, (S.D. Ind. Sept. 1, 2020); Patel v. United States, Civil No. 21-16029 (SDW/CLW), 2021 WL 3861233, at *1 (D.N.J. Aug. 30, 2021) (noting that the manner in which Plaintiff's claims were pleaded "may also divest this Court of subject matter jurisdiction." (*citing* Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

## II.   LEGAL STANDARD

A federal district court may dismiss a complaint if it is "plainly abusive of the judicial process." Patel, 2023 WL 8447935, at *1 (*quoting* Brodzki v. CBS Sports, No. 11-841, 2012 WL 125281, at *1, 2012 U.S. Dist. LEXIS 4929, at *3 (D. Del. Jan. 13, 2012)). Moreover, the Court has the authority to dismiss a claim for lack of subject-matter jurisdiction if the claim is frivolous, or "so insubstantial, implausible. . .or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co., 523 U.S. at 89. A "frivolous" action is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims are factually frivolous when they describe "fantastic or delusional scenarios." Id. at 327–28; *see also* Denton v. Hernandez, 504 U.S. 25, 32 (1992).

To state a valid claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff must do more than make conclusory statements. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Conversely, a plaintiff fails to state a claim when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Even so, a complaint nevertheless must contain "basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

A court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) if it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Landrau v. Solis Betancourt, 554 F.Supp.2d 102, 114 (D.P.R. 2007)(citations omitted); *see also* Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (noting that *sua sponte* dismissals shall be upheld when "the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption").

## III. ANALYSIS

At the outset, this Court is likely the wrong venue for Plaintiff's claims. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in the following:

(1) a judicial district in which any defendant resides,

        if all defendants are residents of the State in which the district is located;

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"Notwithstanding the confused nature of Plaintiff's Complaint, none of the criteria under § 1391 seem to apply here." Patel v. Biden, Civil No. 24-00010 (LEK/RT), 2024 WL 552789, at *3 (D. Haw. Feb. 12, 2024) (making the same conclusion regarding a claim filed by this Plaintiff in the District of Hawaii). In reviewing a similar claim filed by this Plaintiff against many of the same defendants named in the present dispute, the District Court for the District of South Carolina noted that "it is well established that the United States Mission to the United Nations is based in New York City, and the White House is located in Washington, D.C. — meaning, Defendants are not collective residents of the same state." Patel, 2023 WL 9326289, at *1. Thus, U.S.C. § 1391(b)(1) is inapplicable to the present case.

    Plaintiff's complaint also fails to specify the geographic locations where he suffered his alleged injuries. Given that Patel is a resident of Indiana, the Court finds it unlikely that any of the alleged actions contained in his complaint occurred

in the District of Puerto Rico. As such, U.S.C. § 1391(b)(2) does not establish this Court as the proper forum for Plaintiff's claim.

Even if this Court was the appropriate venue to entertain Plaintiff's Writ of Mandamus, this Court still lacks subject-matter jurisdiction. Many of the substantive allegations that Plaintiff asserts in this case have been made verbatim in cases filed before – and dismissed by – other federal district courts. For example, Plaintiff avers that he is under the influence of a "technology" that "throws a 'punch' every second." (Docket No. 1 at 3). See Patel v. United States, Civil No. 24-00044 (LEW), 2024 WL 618854, at *1 (D. Me. Feb. 14, 2024) (verbatim assertion dismissed). Plaintiff also argues that "white, ring-shaped circular lights flew out of his computer and then his window and went up plaintiff's eyes and nose which began a severe depression episode." (Docket No. 1 at 20). See Patel, 2024 WL 413860 at *3; (verbatim assertion dismissed). This Court agrees with its sister courts that these allegations are without merit, and therefore must be summarily dismissed. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (noting that federal courts lack the power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit. . .").

This Court is also not the first to receive a petition for an emergency writ of mandamus from this Plaintiff. A writ of mandamus

Civil No. 24-1144 (GMM)
Page -8-

is a "drastic" measure that is only available in "extraordinary situations." Patel v. Biden, Civil No. 22-1658 (UNA), 2022 WL 2438536, at *1 (D.D.C. June 29, 2022) (*quoting* In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005)). Mandamus is inapplicable when the underlying claim is frivolous. *See* Patel, 2022 WL 2438536, at *1 (dismissing this Plaintiff's petition for a writ because it was based on a frivolous claim). Here, Plaintiff claims that he is entitled to mandamus because he is a "Basis Officer" and an "elite, national citizen of the United States." (Docket No. 1 at 1). Moreover, he asserts that the United States had "created treaties to protect one's person, privacy, and other liberties, including the size of one's own phallus." (Id. at 11). Plainly, this assertion is baseless.

Plaintiff also requests that this Court grant him "$1 million Tucker Act consideration." (Docket No. 1 at 13). Other federal courts have determined that this Plaintiff made "no nonfrivolous allegation of a contract with the United States that could form a basis for its jurisdiction under the Tucker Act." Patel v. United States, Civil No. 2023-1325 (per curiam), 2023 WL 2387221, at *1 (Fed. Cir. Mar. 7, 2023). Plaintiff's allegations in the present matter similarly fail to "link the asserted claims with the alleged amount in controversy." Patel v. Microsoft Corp., Civil No. 24-00130 (JHC), 2024 WL 755951, at *2 (W.D. Wash. Feb. 23, 2024).

Against this backdrop, affording the pleadings a liberal

construction, the Court concludes that Plaintiff's case is frivolous and must be dismissed. As evidenced by the multitude of similar claims by Patel that have been dismissed by courts throughout the country, any amendment would be futile. *See* Patel, 2024 WL 552789, at *1 (denying Plaintiff the ability to amend his complaint); Patel v. United States, Civil No. 21-16029 (SDW/CLW), 2021 WL 4260824, at *2 (D.N.J. Sept. 20, 2021) ("it is clear that additional attempts by Plaintiff to amend the pleading would be futile.").

## IV.  CONCLUSION

In view of the foregoing, the case is **DISMISSED** with prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, April 23, 2024.

s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge